# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RONALD TAI YOUNG MOON, JR.,** ] | |
| ] | |
|   Movant, ] | |
| ] | |
| v. ] | Case No.: 2:23-cv-08035-ACA |
| ] | |
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
|   Respondent. ] | |

## MEMORANDUM OPINION

Movant Ronald Tai Young Moon, Jr., filed a 28 U.S.C. § 2255 motion to vacate sentence, asserting three claims: (1) the government's failure to present sufficient evidence to support his convictions violated his right to due process ("Claim One"); (2) the jury's access during deliberations to evidence that had been excluded violated his right to due process ("Claim Two"); and (3) his sentence is excessive and unreasonable ("Claim Three"). (Doc. 1-1 at 4–7; doc. 1 at 18–47). The court **WILL DENY** Dr. Moon's § 2255 motion because Claims One and Two are procedurally defaulted and Claim Three is not cognizable. The court also **WILL DENY** Dr. Moon a certificate of appealability.

### I.  BACKGROUND

In 2019, a grand jury indicted Dr. Moon on charges of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). *United States v. Moon*, case no. 19-324, doc. 1 (N.D. Ala. May 29, 2019).[1] "Child pornography" is defined in relevant part as "any visual depiction . . . of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8). "Sexually explicit conduct," in its turn, is defined as the "lascivious exhibition of the anus, genitals, or pubic area of any person." *Id.* § 2256(2)(A)(v).

Dr. Moon's charges arose from videos recorded using a camera hidden in a bathroom at his house. *See United States v. Moon*, 33 F.4th 1284, 1290–91 (11th Cir. 2022). Dr. Moon quickly moved to dismiss the indictment or, alternatively, for a pretrial determination of the legal standard to be used in determining whether the materials he produced or possessed depicted a "lascivious exhibition of the . . . public area." (*Moon* doc. 38). The court granted in part the motion for a pretrial determination of the legal standard, requiring the parties to submit proposed jury instructions and briefs. (*Moon* doc. 64).

In October 2019, the grand jury issued a superseding indictment, charging Dr. Moon with two counts of production or attempted production of child pornography, in violation of § 2251(a), (e), two counts of attempted production of

---

[1] The court cites documents from Dr. Moon's criminal proceeding as "*Moon* doc. __."

child pornography, in violation of § 2251(a), (e), and two counts of possession of child pornography, in violation of § 2252A(a)(5)(B). (*Moon* doc. 84).

Before trial, Dr. Moon moved in limine to exclude as irrelevant and prejudicial "videos that contain family videos, television recordings, adult voyeurism, and legal pornography." (*Moon* doc. 113). At the final pretrial conference, the government explained that it would be submitting VHS tapes. (*Moon* doc. 141 at 9). The government numbered each VHS tape so that one would be Exhibit 1, the next would be Exhibit 2, and so on. (*Id.*). But instead of playing the VHS tapes on a television, the government planned to play clips from digitized versions of the tapes. (*Id.*). The government labeled the complete digitized version of Exhibit 1 as Exhibit 1A, and so on. (*Id.*). And because the government did not intend to play the recordings in full, the government excerpted specific clips from the tapes and labeled those clips as Exhibit 1A1, 1A2, and so on. (*Id.*).

During trial, the court admitted Exhibits 1 through 40 (the physical videotapes) in full. (*Moon* doc. 135 at 64). The court also admitted the thumb drive, which contained the digitized versions of twelve of the tapes (Exhibits 1A–11A and 13A). (*Id.* at 85; *see also Moon* doc. 144 at 1–20). The government, in response to Dr. Moon's objections to some of the clips it had intended to admit separately, removed a number of the clips from the thumb drive and agreed not to play those

3

clips for the jury. (*See, e.g.*, *Moon* doc. 135 at 120–21 (agreeing to remove Exhibits 3A2, 11A7–11A9, and 13A14–13A19); *see also Moon* doc. 144 at 5, 14–15, 19)).

During deliberations, the jury sent out a note asking to "examine [the] tapes." (*Moon* doc. 125). The court gave the jury the thumb drive, which contained Exhibits 1A–11A and 13A as well as select clips the government had played for it. (*See Moon* doc. 139 at 92–93).

The jury found Dr. Moon guilty of all charges. (*Moon* doc. 127). The court sentenced Dr. Moon to 360 months' imprisonment on Counts One and Two, 240 months' imprisonment on Counts Three and Four, and 120 months' imprisonment on Counts Five and Six, with all sentences to run concurrently. (*Moon* doc. 180 at 2).

Dr. Moon appealed, arguing that the court erred by: (1) closing the courtroom at times, in violation of his Sixth Amendment right to a public trial; (2) denying a motion for a *Franks* hearing; (3) denying a motion for the undersigned to recuse; and (4) declining to give some of his requested jury instructions on the meaning of "lascivious exhibition." *Moon*, 33 F.4th at 1298–1301. The Eleventh Circuit affirmed in a published opinion. *Id.* at 1302. The Court held, for the first time, that a defendant can waive the right to a public trial even though violation of the public-trial right is a "structural error" that entitles a defendant to "automatic reversal

regardless of the error's actual effect on the outcome," *id.* at 1298–1300 (quotation marks omitted). And in this case, the Eleventh Circuit found waiver. *Id.* at 1300.

Dr. Moon then filed this § 2255 motion setting out his three claims. (*Moon* doc. 197; *see also* docs. 1, 1-1). He attached an affidavit from the attorney who represented him during sentencing and on appeal. (Doc. 1-2). Counsel attests he did not make a strategic or tactical decision not to raise the sufficiency of the evidence or the reasonableness of the sentence on appeal even though he believed both issues were meritorious. (*Id.* ¶¶ 7, 10).

## II.   DISCUSSION

Dr. Moon asserts three claims of error during his trial and sentencing: Claim One is that insufficient evidence supports his convictions, Claim Two is that the jury had access to excluded evidence during its deliberations, and Claim Three is that his sentence was unreasonably long. (Doc. 1-1 at 4–7). Apparently predicting the government's defense of procedural default, he also asserts that ineffective assistance of counsel is the reason he did not raise these claims in his direct appeal. (*Id.*; *see also* doc. 1 at 18, 33–47).

### 1.  Claim One

In Claim One, Dr. Moon asserts that the government failed to present sufficient evidence to support his convictions because the videotapes do not demonstrate sexual activity and the footage was not sexual in nature. (Doc. 1-1 at 4;

5

doc. 1 at 5–11, 18–32). The government asserts that this claim is not cognizable and is, in any event, procedurally defaulted because Dr. Moon could have raised it on direct appeal. (Doc. 4 at 7–8).

As an initial matter, the court declines to deny the claim as not cognizable. The precedent finding claims of insufficiency of evidence non-cognizable is *Forrester v. United States*, which held that a "contention question[ing] only the sufficiency of the evidence to sustain [the movant]'s conviction . . . is not a contention cognizable on a collateral motion under § 2255." 456 F.2d 905, 907 (5th Cir. 1972).[2] But after *Forrester*, the United States Supreme Court held, in a case brought under 28 U.S.C. § 2254, that "it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." *Jackson v. Virginia*, 443 U.S. 307, 321 (1979). Whether *Jackson* abrogates *Forrester* is unanswered in this circuit.

In any event, even if the claim is cognizable, it is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

6

365 F.3d 1225, 1234 (11th Cir. 2004). Dr. Moon's challenge to the sufficiency of the evidence was available when he filed his direct appeal. (*See, e.g.*, *Moon* doc. 137 at 6–8; *Moon* doc. 132 at 6) (arguing, before judgment was entered, that the government had not presented sufficient evidence). Claim One is therefore procedurally defaulted. *See Lynn*, 365 F.3d at 1234.

Dr. Moon contends that the procedural default should be excused because appellate counsel's failure to assert the argument on appeal was ineffective assistance. (Doc. 1 at 5, 33–34; doc. 1-1 at 4–5; doc. 9 at 1). A § 2255 movant can avoid a procedural default by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn*, 365 F.3d at 1234 (emphasis omitted). Ineffective assistance can constitute cause and prejudice excusing a default. *See Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) ("Constitutionally ineffective assistance of counsel can constitute cause . . . . In order to do so, however, the claim of ineffective assistance must have merit.") (quotation marks omitted). The court therefore turns to whether appellate counsel provided ineffective assistance when he failed to raise the sufficiency of the evidence supporting Dr. Moon's convictions.

To prevail on a claim of ineffective assistance of counsel, Dr. Moon must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient

performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This standard applies to claims of ineffective assistance of appellate counsel as well as ineffective assistance of trial counsel. *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013).

Dr. Moon asserts in a conclusory manner that counsel performed deficiently because, according to appellate counsel's affidavit, his failure to raise the issue on direct appeal was not a strategic choice. (Doc. 1 at 33–34; *see also* doc. 1-2 ¶ 7). But whether counsel performed deficiently is not a subjective analysis dependent on what counsel was thinking; it is an objective analysis. *See Strickland*, 466 U.S. at 687–88 ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an *objective* standard of reasonableness.") (emphasis added); *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) ("The reasonableness of a counsel's performance is an objective inquiry."); *see also Gissendaner v. Seaboldt*, 735 F.3d

8

1311, 1330 n.4 (11th Cir. 2013) ("[B]ecause *Strickland*'s standard for deficient performance is an objective one, trial counsel's hindsight assessment of the adequacy of his penalty phase investigation is entitled to little, if any, weight."); *Jennings v. McDonough*, 490 F.3d 1230, 1247 (11th Cir. 2007) ("The *Strickland* standard of objective reasonableness does not depend on the subjective intentions of the attorney, judgments made in hindsight, or an attorney's admission of deficient performance.").

The proper question "is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). The court must find that counsel's choices were reasonable unless "no competent counsel would have taken the action that his counsel did take." *Chandler*, 218 F.3d at 1315. In this case, appellate counsel elected to focus the appeal on whether the court committed structural error—an error that would automatically result in reversal without a showing of prejudice—by closing the courtroom at times. *See Moon*, 33 F.4th at 1298. Although Dr. Moon had not objected when the court closed the courtroom, a defendant's ability to waive a structural error was unclear at the time. *See id.* at 1298–99. Indeed, Dr. Moon's appeal resulted in a published opinion from the Eleventh Circuit answering that question. *Id.* at 1299. Dr. Moon raised several other issues as well, including the propriety of the jury instructions on what "lascivious exhibition" means. *See id.* at 1301–02.

Despite Dr. Moon's attorney's concession that he did not subjectively make a strategic choice to drop Dr. Moon's challenge to the sufficiency of the evidence, a competent attorney could have elected to pursue the arguments Dr. Moon's appellate counsel pursued instead of the sufficiency argument. *See Chandler*, 218 F.3d at 1315. This compels the conclusion that appellate counsel did not perform deficiently. *See Griffith*, 871 F.3d at 1329 (requiring that a § 2255 movant attempting to show deficient performance "show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").

Because Dr. Moon cannot establish that appellate counsel provided ineffective assistance by failing to raise the sufficiency of the evidence on direct appeal, he has not shown cause excusing his procedural default. The court **WILL DENY** Claim One as procedurally defaulted.

2. Claim Two

In Claim Two, Dr. Moon asserts that the jury's access to evidence that had been excluded at trial was a denial of due process. (Doc. 1 at 11–16, 34–38). Specifically, the jury had access to the thumb drive containing the full digitized versions of twelve of the videotapes. (*Id.*). And although the government removed from the thumb drive some of the excerpted clips (Exhibits 3A2, 11A7, 11A8, 11A9, 13A14, 13A16, 13A17, 13A18, and 13A19), it did not remove the clips from the full

digitized versions (Exhibits 3A, 11A, and 13A), so the jury could still view the parts of the recordings that the government had agreed not to show. (Doc. 1 at 11, 14–15, 34). The government asserts that this claim is not cognizable and is, in any event, procedurally defaulted because Dr. Moon could have raised it on direct appeal. (Doc. 4 at 12–13).

As with Claim One, the court declines to address the cognizability of Claim Two. The Eleventh Circuit has held that "a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232–33 (citation omitted). Dr. Moon's claim is one of trial error couched as constitutional error. (*See* doc. 1 at 34–38). Whether the trial error rises to the level of constitutional error is not adequately briefed by either party. (*See id.*; doc. 4 at 12–13; doc. 9). The court therefore will not address it but will instead consider whether the claim is procedurally defaulted.

The claim is procedurally defaulted because Dr. Moon could have asserted, on direct appeal, that the jury had access to excluded evidence during its deliberations. *See Lynn*, 365 F.3d at 1234. Dr. Moon contends that trial counsel's ineffective assistance should excuse the default. (Doc. 9 at 2; *see also* doc. 1 at 38–39; doc. 1-1 at 6). Specifically, Dr. Moon contends that trial counsel should have

11

examined the evidence before the court gave it to the jury because, had he done so, he would have seen that excluded evidence was among the evidence given to the jury. (Doc. 1 at 38–39). The government responds that counsel did not provide ineffective assistance because the entirety of Exhibits 3A, 11A and 13A were admitted, even if some of the excerpted clips were not. (Doc. 4 at 20–21; *see also id.* at 2–3).

Trial counsel did not provide ineffective assistance by failing to inspect the contents of the thumb drive. The court admitted the full versions of Exhibits 1A–11A and 13A. (*Moon* doc. 135 at 85; *see also Moon* doc. 144 at 1–20). Even if counsel had inspected the thumb drive and objected to giving the jury access to Exhibits 1A–11A and 13A, the court would have overruled that objection. Accordingly, counsel did not perform deficiently by failing to inspect the thumb drive, and any failure to inspect the thumb drive did not prejudice Dr. Moon. *See, e.g., Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance."). Ineffective assistance of trial counsel does not excuse Dr. Moon's procedural default of Claim Two. The court therefore **WILL DENY** Claim Two as procedurally defaulted.

### 3. Claim Three

In Claim Three, Dr. Moon asserts that his sentence is excessive and unreasonable. (Doc. 1-1 at 7; doc. 1 at 16–17, 40–47). The government asserts that

this claim is not cognizable and is, in any event, procedurally defaulted because Dr. Moon could have raised it on direct appeal. (Doc. 4 at 15–16).

The court agrees that Claim Three is not cognizable in a § 2255 motion. In *Spencer v. United States*, the en banc Eleventh Circuit explained that "[s]ection 2255 does not provide a remedy for every alleged error in conviction and sentencing." 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). A district court may not review a claim that the "'sentence was imposed in violation of the laws of the United States or is otherwise subject to collateral attack' . . . unless the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting 28 U.S.C. § 2255(a)) (cleaned up). And "[a] substantively unreasonable sentence does not result in a complete miscarriage of justice if that sentence is less than the statutory maximum sentence Congress has enacted." *Id.* at 1143 (quotation marks omitted).

The statutory maximum for Dr. Moon's four production offenses was thirty years, *see* 18 U.S.C. § 2251(e), and the maximum for his two possession offenses was ten years, *see id.* § 2252A(a)(5)(B). The court sentenced Dr. Moon to 360 months' imprisonment on two of the production counts, 240 months' imprisonment on the other two production counts, and 120 months' on the possession counts. (*Moon* doc. 180 at 2). These sentences are not above the applicable statutory maximums. (*See id.*). His sentences have not resulted in a complete miscarriage of

justice. *See Spencer*, 773 F.3d at 1143. The court therefore **WILL DENY** this claim on the ground that it is not cognizable under § 2255.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Dr. Moon has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

## IV. CONCLUSION

The court **WILL DENY** Dr. Moon's § 2255 motion in part as procedurally defaulted and in part as non-cognizable. The court **WILL DENY** a certificate of appealability.

**DONE** and **ORDERED** this June 18, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE