FILED
2026 Apr-21  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD TAI YOUNG MOON, JR.,** | ] | |
| | ] | |
| **Movant,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2:23-cv-08035-ACA** |
| | ] | |
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Respondent.** | ] | |

## <u>MEMORANDUM OPINION</u>

After this court denied Movant Ronald Tai Young Moon, Jr.'s 28 U.S.C. § 2255 motion to vacate sentence, Dr. Moon appealed and the Eleventh Circuit remanded on the basis that the court had not addressed a claim that appellate counsel provided ineffective assistance by failing to challenge the substantive reasonableness of Dr. Moon's sentence. (Doc. 21-1). The court incorporates its previous opinion (doc. 10), into this one and will repeat only the facts necessary to address this ineffective assistance claim. The court **WILL DENY** that claim and **WILL DENY** Dr. Moon a certificate of appealability. The court **WILL DENY AS MOOT** Dr. Moon's motion "for status and request for ruling." (Doc. 22).

### I.    BACKGROUND

Dr. Moon's criminal case involved videos he secretly recorded of minors changing and using the toilet. *United States v. Moon*, No. 19-324, doc. 173 at 6–7

(N.D. Ala. Sept. 14, 2020)[1]; *see also United States v. Moon*, 33 F.4th 1284, 1291 (11th Cir. 2022). A jury found Dr. Moon guilty of two counts of production or attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) ("Counts One and Two"), two counts of attempted production of child pornography, in violation of § 2251(a), (e) ("Counts Three and Four"), and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Counts Five and Six"). (*Moon* doc. 127; *see Moon* doc. 84).

During Dr. Moon's sentence hearing, the court found that his total offense level was forty-three and his criminal history category was I, leading to an advisory guidelines range of life. (*Moon* doc. 179 ¶¶ 69, 72, 91; *Moon* doc. 181 at 1). However, because Counts One and Two had a statutory maximum sentence of thirty years, Counts Three and Four had a statutory maximum sentence of twenty years, and Counts Five and Six had a statutory maximum of ten years, the advisory guidelines range became 1,440 months. (*Moon* doc. 179 ¶¶ 90–91; *Moon* doc. 181 at 1). At the sentence hearing, Dr. Moon requested the mandatory minimum sentence and argued that a sentence within the guidelines range would be disproportionate because Dr. Moon never touched a child and the videos were never disseminated. (*Moon* doc. 194 at 14–22).

---

[1] The court cites documents from Dr. Moon's criminal proceeding as "*Moon* doc. __."

The court varied downward from the guidelines range and sentenced Dr. Moon to 360 months' imprisonment on Counts One and Two, 240 months' imprisonment on Counts Three and Four, and 120 months' imprisonment on Counts Five and Six, with all sentences to run concurrently. (*Moon* doc. 180 at 2; *Moon* doc. 194 at 115; *Moon* doc. 181 at 2–3). The court explained that the 18 U.S.C. § 3553(c) factors warranted that sentence because (1) there were a significant number of victims and recordings; (2) there was "evidence of a significant level of premeditation and attention to details to get the right shot"; (3) the scheme ranged across multiple houses and decades; (4) Dr. Moon breached the trust of parents who trusted him with their children; and (5) deterrence was necessary. (*Moon* doc. 194 at 115–18). The court specifically explained that it "appreciate[d] . . . the distinction between the injury that these people have suffered and the ones in other cases, but I don't think that carries the day because those—unfortunately, not the only consideration I can make." (*Id.* at 115–16). And the court reiterated that it had "considered all of the evidence presented here today and in the memorandums" filed by Dr. Moon and the government. (*Id.* at 117).

Dr. Moon appealed, arguing that the court erred by: (1) closing the courtroom at times, in violation of his Sixth Amendment right to a public trial; (2) denying a motion for a *Franks* hearing; (3) denying a motion for the undersigned to recuse; and (4) declining to give some of his requested jury instructions on the meaning of

3

"lascivious exhibition." *Moon*, 33 F.4th at 1298–1301. The Eleventh Circuit affirmed in a published opinion. *Id.* at 1302. The Court held, for the first time, that a defendant can waive the right to a public trial even though violation of the public-trial right is a "structural error" that entitles a defendant to "automatic reversal regardless of the error's actual effect on the outcome." *Id.* at 1298–1300 (quotation marks omitted). And in this case, the Eleventh Circuit found waiver. *Id.* at 1300.

Dr. Moon then filed this § 2255 motion setting out his claims. (*Moon* doc. 197; *see also* docs. 1, 1-1). He attached an affidavit from the attorney who represented him during sentencing and on appeal. (Doc. 1-2). Counsel attests he did not make a strategic or tactical decision not to raise the reasonableness of the sentence on appeal even though he believed the sentence was unreasonable. (*Id.* ¶ 10).

## II.    DISCUSSION

Dr. Moon asserts that appellate counsel was ineffective for failing to raise the substantive unreasonableness of his sentence. (Doc. 1 at 47; doc. 1-1 at 7). Dr. Moon's § 2255 motion does not assert this claim as an independent ground, but instead as the reason he did not challenge the reasonableness of his sentence on appeal. (Doc. 1-1 at 7). His brief in support of the motion describes in detail why he believes his sentence is unreasonable (doc. 1 at 40–47), but provides only the following two sentences in support of the claim of ineffective assistance:

As noted above, appellate counsel was well aware of this legal issue and even argued to the Court at sentencing that a sentence of 180 months would achieve the goals of § 3553. Despite this, he neglected to raise this issue in the direct appeal and his failure to do so was not the result of any reasonable appellate strategy.

(*Id.* at 47).

Dr. Moon has forfeited this claim by failing to adequately brief it. *King v. Warden, Ga. Diagnostic Prison*, 69 F.4th 856, 877 (11th Cir. 2023) ("[O]rdinary forfeiture rules, under which a party forfeits an argument by failing to adequately brief it, apply to habeas proceedings in the district court. So [the movant] had to make more than the skeletal argument in his [motion] to preserve these issues.") (citation omitted). But even if he had not forfeited it, the claim fails on the merits.

To prevail on a claim of ineffective assistance of counsel, Dr. Moon must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This

standard applies to claims of ineffective assistance of appellate counsel as well as ineffective assistance of trial counsel. *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013).

To begin, counsel's admission in an affidavit that he did not make a strategic choice not to bring this sentencing challenge on appeal (doc. 1-1 ¶ 10), does not suffice to establish deficient performance. Whether counsel performed deficiently is not a subjective analysis dependent on what counsel was thinking. *See Strickland*, 466 U.S. at 687–88 ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an *objective* standard of reasonableness.") (emphasis added); *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) ("The reasonableness of a counsel's performance is an objective inquiry."); *see also Gissendaner v. Seaboldt*, 735 F.3d 1311, 1330 n.4 (11th Cir. 2013) ("[B]ecause *Strickland's* standard for deficient performance is an objective one, trial counsel's hindsight assessment of the adequacy of his penalty phase investigation is entitled to little, if any, weight."); *Jennings v. McDonough*, 490 F.3d 1230, 1247 (11th Cir. 2007) ("The *Strickland* standard of objective reasonableness does not depend on the subjective intentions of the attorney, judgments made in hindsight, or an attorney's admission of deficient performance.").

The proper question "is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). The court must find that counsel's choices were reasonable unless "no competent counsel would have taken the action that his counsel did take." *Chandler*, 218 F.3d at 1315. In this case, appellate counsel elected to focus the appeal on whether the court committed structural error—an error that would automatically result in reversal without a showing of prejudice—by closing the courtroom at times. *See Moon*, 33 F.4th at 1298. Although Dr. Moon had not objected when the court closed the courtroom, a defendant's ability to waive a structural error was unclear at the time. *See id.* at 1298–99. Indeed, Dr. Moon's appeal resulted in a published opinion from the Eleventh Circuit answering that question. *Id.* at 1299. Dr. Moon raised several other issues as well, including the propriety of the jury instructions. *See id.* at 1301–02.

Despite Dr. Moon's attorney's concession that he did not make a strategic choice to drop Dr. Moon's challenge to the reasonableness of his sentence, a competent attorney could have elected to pursue the arguments Dr. Moon's appellate counsel pursued instead of the sentencing argument. *See Chandler*, 218 F.3d at 1315. This compels the conclusion that appellate counsel did not perform deficiently. *See Griffith*, 871 F.3d at 1329 (requiring that a § 2255 movant attempting to show deficient performance "show that counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").

Nor could Dr. Moon establish prejudice. Dr. Moon does not argue that the court incorrectly calculated the guidelines range; instead, he argues that the correctly calculated guidelines range was disproportionately high. (Doc. 1 at 41–47). But even within-guidelines sentences are presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). And this court varied downward by 75%, from an advisory range of 1,440 months to a sentence of 360 months. (*Moon* doc. 179 ¶ 91; *Moon* doc. 181 at 1–3; *Moon* doc. 194 at 115).

The Eleventh Circuit will find a sentence substantively unreasonable only if the court failed "to afford consideration to relevant factors that were due significant weight," gave "significant weight to an improper or irrelevant factor, or . . . . commit[ted] a clear error of judgment in considering the proper factors." *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023) (quotation marks omitted) (quotation marks omitted). Dr. Moon has not established that, if counsel had raised this issue on appeal, there is a reasonable probability that the Eleventh Circuit would have found the sentence to be substantively unreasonable. *See Strickland*, 466 U.S. at 694. The court considered the factors Dr. Moon highlighted, as well as the other § 3553(a) factors. (*Moon* doc. 194 at 115–17). The court therefore **WILL DENY** this claim of ineffective assistance of counsel.

### III.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Dr. Moon has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

### IV.    CONCLUSION

The court **WILL DENY** Dr. Moon's claim that his appellate counsel provided ineffective assistance by failing to challenge the reasonableness of his sentence. The court **WILL DENY** a certificate of appealability. The court **WILL DENY AS MOOT** Dr. Moon's motion "for status and request for ruling."

**DONE** and **ORDERED** this April 21, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE